Law Library

FILED
SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

7009 MAY 13 AM 9: 27

PEOPLE OF GUAM      )      CRIMINAL CASE NO. CF0437-08
    vs.      )
       )      BY:
JOSEPH JAMES CAMACHO, and      )      **DECISION AND ORDER**
       )
MICHAEL ANTHONY CAMACHO      )
       )
          Defendants.  )

This matter was noticed for hearing on Defendant, Joseph J. Camacho's Motion to Dismiss, and Motion for Discovery. Defendant is represented by Attorney Lewis W. Littlepage. Pursuant to CVR 7.1(e)(3), the HONORABLE ELIZABETH BARRETT-ANDERSON issues this without oral argument. The Court herewith **DENIES** Defendant's Motion to Dismiss, and **GRANTS** Defendant's Motion for Discovery based on the following grounds.

## FACTUAL HISTORY

Defendant Joseph J. Camacho was originally indicted on October 10, 2008, and a Superseding Indictment was filed on November 13, 2008. Both the original and Superseding Indictment contain the same charges. Defendant Joseph J. Camacho (hereinafter "Defendant") filed a Motion to Dismiss for Prosecution Misconduct Based on Impermissible Vouching and Bolstering by Government Witness Before the Grand Jury (hereinafter "Motion") on December 9, 2008. Specifically the Defendant objects to the following Grand Jury testimony: (1) Guam Police Officer Tenorio testifying that the alleged victim accused her natural father of criminal sexual conduct and he was in jail and (2) Attorney General Investigator III Maria Sumang Apuron answering if it appeared to her that the alleged victim believed the Defendant would carry out threats.

## DISCUSSION

Dismissing an indictment is considered a drastic step and generally disfavored as a remedy. *People v. Tuncap*, 1998 Guam 13; *See U.S. v. Rodgers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985); *People v. Muna*, 999 F.2d 397 (9th Cir. 1993). 8 G.C.A. § 50.42 provides that if

the Grand Jury is presented with incompetent evidence the "indictment [is not rendered] void where sufficient competent evidence to support the indictment was received by the grand jury." The People's Reply to Motion of Defendant Joseph J. Camacho to Dismiss for Prosecution Misconduct describes the sufficient competent evidence received by the grand jury that supports the indictment. People's Reply to Mot. of Def. to Dismiss (Dec. 29, 2008) at pp. 3-5.

However, to specifically address Defendant's Motion, this Court must evaluate whether there was flagrant prosecutorial misconduct and if such conduct was prejudicial to the Defendant. *People v. Lujan*, 1998 Guam 28 at ¶18. Additionally, this Court considered the Supreme Court's instructions that "dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 256 (1988)(internal citations omitted). In light of the record before this Court, it has not been established that there was flagrant prosecutorial misconduct, nor that the "violations" Defendant complains of substantially influenced the grand jury's decision or is there grave doubt that the decision to indict was free from the substantial influence of the "violations". The allegations put forth by Defendant attacking the testimonies of Officer Tenorio and Investigator Apuron do not convince this court that the Grand Jury was wrongly influenced. It is not uncommon for law enforcement officers to present to the jury their conclusions as to certain facts which form the basis of their probable cause determinations. This is in fact critical and necessary for the jury's deliberations.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss for Prosecution Misconduct Based on Impermissible Vouching and Bolstering by Government Witness Before the Grand Jury is **DENIED.**

The Court further **GRANTS** Defendant's discovery request. The People are ORDERED to produce any and all evidence in their possession with regard to any investigations conducted by personnel of the Attorney General's Office in regards to "interviews of complaining witnesses...as early as January 2005", if such evidence of interviews and investigation exists,

no later than thirty (30) days from date of this Order. Defendant's counsel is ordered to contact investigative personnel of the Attorney General's Office to assist in this discovery order.

A Criminal Trial Schedule is issued concurrently with this order.

**IT IS SO ORDERED** this 13th day of May 2009.

HONORABLE ELIZABETH BARRETT-ANDERSON
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAY 1 3 2009

Brianne M.G. Baibas
Deputy Clerk, Superior Court of Guam